UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCUS LINDSEY                                                    CIVIL ACTION

VERSUS                                                                  NO. 11-1949

WMS MARINE, INC.                                               SECTION "K"(1)

### ORDER AND REASONS

Before the Court is a Motion to Transfer Venue to the Northern District of Mississippi–Greenville Division ( Doc. 12) filed by defendant WMS Marine, Inc. ("WMS"). Having reviewed the pleadings, memoranda and exhibits, the Court finds the motion to be without merit.

**Background**

This suit arises out of an alleged injury of Marcus Lindsey ("Plaintiff") that occurred in November of 2010 while he was employed by WMS on the M/V KANSAS CITY, when that vessel was operating near Paducah, Kentucky. Plaintiff is a resident of Winona, Mississippi and WMS is a Mississippi corporation that maintains its home office in Greenville, Mississippi, where it maintains its personnel, vessel and corporate records. Both Winona and Greenville are located within the Northern District of Mississippi. Plaintiff filed the instant suit in the Eastern District of Louisiana and WMS has moved pursuant to 28 U.S.C. § 1404(a) for this matter to be transferred to the Northern District of Mississippi–Greenville Division ("NDMI").

**Standard Applied**

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "'While neither conclusive nor determinative,' in this circuit 'the plaintiff's choice of forum is clearly a factor to be considered in a § 1404(a) motion to transfer.'" *Allen v. Ergon Marine & Indus. Supply, Inc.,* 2008 WL 4809476, *2 (E.D.La. Oct. 31, 2008) (Barbier, J) citing *In re Horseshoe Entertainment,* 337 F.3d 429, 434-35 (5th Cir. 2003). Indeed, most courts have used the factors laid out in *Gulf Oil Corp. v. Gilbert,*, 330 U.S. 505, 508 (1947), to determine whether the transfer is proper pursuant to this statute. *Allen*, at *2. These factors include private interest and pubic interest factors. As Judge Barbier succinctly stated:

> The private interest factors include: (1) 'the relative ease of access to sources of proof;' (2) availability and convenience of witnesses; (3) 'possibility of view of premises, if view would be appropriate to the action;' and (4) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' *Id.* "This last catch-all private interest factor has been distilled to include the cost of obtaining witnesses and other trial expenses, the possibility of delay and prejudice if transfer is granted, and the situs of material events and place of the alleged wrong. *See Roulston v. Yazoo River Towing, Inc.* 2004 WL 1687232 (E.D. La. 2004). The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the 'local interest in having localized controversies decided at home;' (3) the interest in 'having the trial of a diversity case in a forum that is at home with the state law that must govern the case;' (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws , or in the application of foreign law. *Id.* at 509, 67 S.Ct. at 843.

*Id.*

In addition, a court "is not limited to these factors but must instead engage in a case-by-case consideration of convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

22, 29 (1988).   At the very least, the plaintiff's privilege of choosing venue places the burden of proof on the defendant as moving party to demonstrate why the forum should be changed." *Id.* citing *Karim v. Finch Shopping Co., Ltd.*, 94 F. Supp.2d 727 (E.D.La. 2000).  As noted "'[w]hen the movant demonstrates that the transferee venue is clearly more convenient. . . it has shown good cause and the district court should therefore grant the transfer,' even though the plaintiff has chosen the present venue." *Allen*, at *3.

**Private Factors**

Not unlike the facts faced by Judge Barbier in *Fancher v. Southern Towing Co.*, 2010 WL 3982242 (E.D.La. Oct. 8, 2010), this case presents the unusual situation where the alleged injury did not take place in either of the proposed districts.  Thus, factors such as access to sources of proof and access to relevant premises do not weigh in favor of either district.  Exhibit "A" to WMS' Reply Memorandum (Doc. 20) demonstrates the distance from New Orleans versus the distance from Greenville for the 14 fact witnesses listed.  Of those, seven live more than 100 miles from either location.   Furthermore, of the eight  medical witnesses (not including witnesses designated as "representatives" rather than named persons), five live more than 100 miles from either location.   The strongest ties to this district are that plaintiff chose to file suit here and the adjuster who has allegedly been in charge of this plaintiff's claim resides in Mandeville, Louisiana which is in this district.  Moreover,  physician testimony in trials is now often done by video deposition as a matter of course as a cost saving measure.  Furthermore, many of the fact witnesses are seamen who may be employed by the WMS would likely fly to a

trial in either district.  Thus, these private factors do not "clearly demonstrate" that Greenville is the more convenient district.

**Public Interest Factors**

Again, as the accident did not occur in either the Eastern District of Louisiana or the Northern District of Mississippi, neither district has a very strong interest in serving as the forum for the litigation.  Neither district demonstrates a court congestion problem.  In addition, as a Jones Act case, there is no choice-of-law or application of state law obstacle present.  While Plaintiff resides in the Northern District of Mississippi which would indicate that that community might have a slightly stronger stake in the outcome of the litigation, plaintiff chose the Eastern District of Louisiana.  Again, these factors do not "clearly demonstrate" that Greenville is the more convenient district.

**Conclusion**

Bases on this analysis, the Court finds that WMS has failed in its burden of showing that the Northern District of Mississippi is clearly more convenient that the Eastern District of Louisiana, and this Court will respect Plaintiff's choice of venue.  Accordingly,

**IT IS ORDERED** that the Motion to Transfer Venue to the Northern District of Mississippi–Greenville Division ( Doc. 12) is **DENIED**.

New Orleans, Louisiana, this 19th day of June, 2012.

                                  **STANWOOD R. DUVAL, JR.**
                     **UNITED STATES DISTRICT COURT JUDGE**